UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MATTHEW G.,

                  Plaintiff,

      -v-

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

_____

21-CV-01222-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 11)

Plaintiff Matthew G.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his applications for Disability Insurance Benefits ("DIB") and for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, and defendant's motion (Dkt. No. 9) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB and SSI on February 14, 2019, with an alleged onset date of September 5, 2017. (Administrative Transcript ["Tr."] 15, 113-14, 260-70, 284).  The applications were initially denied on July 26, 2019, and on reconsideration on February 6, 2020.  (Tr. 81-114, 115-68). Plaintiff timely filed a request for an administrative hearing. (Tr. 190-206). On January 14, 2021, Administrative Law Judge ("ALJ") Moises Penalver held a telephonic hearing, at which Plaintiff participated by telephone, with counsel.  (Tr. 37-80).  A vocational expert ("VE") also testified at the hearing via telephone.  The ALJ issued an unfavorable decision on April 12, 2021.  (Tr. 12-36).  On September 30, 2021, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).  This action followed.

## DISCUSSION

I.     *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1).   If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.   *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be December 31, 2020. (Tr. 18).   At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 5, 2017, the alleged onset date. (Tr. 18).   At step two, the ALJ found that Plaintiff has the following severe impairments: recurrent cervical degenerative disc disease, status-post one level ACDF; lumbar spondylosis; bilateral knee degenerative joint disease; status-post right-hand fracture; unspecified syncope; post-traumatic stress disorder (PTSD); bipolar disorder; major depressive disorder; and anxiety disorder.   (Tr. 18).   The ALJ further found that Plaintiff has the following non-severe impairments: bilateral carpal tunnel syndrome; and alcohol use disorder.   (Tr. 18).   At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   (Tr. 18-20).

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC and concluded that he can perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except he can:

> lift or carry up to 10 pounds occasionally and five pounds frequently; stand or walk up to two 2 hours total in an 8-hour workday; and sit up to six hours total in a workday, with regularly scheduled breaks.  He is limited to occasional foot control operation with both lower extremities, and can never climb ladders, ropes, or scaffolds and never crawl.  [He] can occasionally climb ramps and stairs, balance, stoop, crouch, and kneel. However, [he] should avoid constant and repetitive rotation, flexion, or extension of the neck.  He is limited to frequent handling and fingering objects with the right dominant upper extremity, and should avoid all exposure to dangerous moving machinery and unprotected heights.  Moreover, [he] is limited to low stress work, defined as positions with no more than occasional decision-making required and no more than occasional changes in the work setting.  He cannot tolerate fast-paced work environments, defined as constant activity with work tasks performed sequentially in rapid succession.  He is limited to no more than occasional brief and superficial contact with the public, and no more than occasional interaction with co-workers and supervisors. Finally, due to a combination of mental and medical conditions with associated pain, [he] will be off task up to 10% of the workday, in addition to scheduled breaks.

(Tr. 21-28).

At the fourth step, the ALJ found that Plaintiff has no past relevant work. (Tr. 28). At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (Tr. 28-29).  Therefore, the ALJ found that Plaintiff has not been under a disability since September 5, 2017, the alleged onset.  (Tr. 29).

IV.    *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded because the ALJ's highly specific RFC finding regarding time off task was based on his own surmise.  The Court agrees.

An RFC is highly specific, where the ALJ determines "the specific amount of time a claimant can spend on certain activities." *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *3 (W.D.N.Y. Apr. 4, 2019) (remanding where ALJ made highly specific finding that plaintiff could stand for one to two minutes after standing 60 minutes).  It is well settled that very specific RFC assessments, such as the amount of time that a claimant can be off task, must be based on evidence in the record and not on the ALJ's "own surmise." *Cosnyka v. Colvin*, 576 Fed. App'x 43, 46 (2d Cir. 2014) (summary order) (remanding where ALJ "translated" medical evidence suggesting that the claimant would be off task "for ten percent of the workday" into a determination that the claimant would be off task "six minutes out of every hour" because "[t]here [was] no evidence in the record to the effect that [the claimant] would be able to perform sedentary work if he could take a six-minute break every hour, rather than some other duration and frequency amounting to ten percent of the workday").  A case must be remanded if the ALJ failed to support a specific off-task percentage with evidence in the record.  *See, e.g.*, *Leanne F. v. Commissioner of Social Security*, 2022 WL 195748, at *4 (W.D.N.Y. Jan. 21, 2022) (remanding where "the ALJ's specific finding that plaintiff would be off task five minutes every hour is not rooted in any particular medical evidence or opinion.") (citing *June S. v. Comm'r of Soc. Sec.*, 2020 WL 7137041, at *3 (W.D.N.Y. Dec. 7, 2020) (finding the ALJ's 10% off task limitation was not rooted in in any medical evidence, nor did the ALJ attempt to tie any evidence to that specific conclusion, rendering the limitation unsupported by the record)); *Anthony T. v. Commissioner of Social Security*, 2021 WL 3884229, at *4 (W.D.N.Y. Aug. 31, 2021) (remanding where "the ALJ provided no explanation to tether [a specific off task] limitation to the opinion evidence or to any

statements from Plaintiff" and where "[w]ithout 'some explanation' from the ALJ 'as to the tether between [the] RFC and the non-stale medical opinions or statements from [the claimant], the RFC [is] based upon [the ALJ's] lay analysis of [the claimant's] limitations' ") (quoting *Jordan v. Berryhill*, 2018 WL 5993366, at *3 (W.D.N.Y. Nov. 15, 2018); *Brianna E. v. Comm'r of Soc. Sec.*, 2021 WL 2182716, at *3-4 (W.D.N.Y. May 28, 2021) (remanding where the ALJ included a 10 percent off-task limitation in the RFC finding, but neither the ALJ nor the Commissioner could point to anything in the record that suggested how much time plaintiff would be off-task in the workplace); *Michelle A. v. Saul*, 2020 WL 7223235, at *3-4 (W.D.N.Y. Dec. 8, 2020) (ALJ's finding that plaintiff would be off-task five percent of the work day was not supported by substantial evidence where ALJ cited "no evidence in the record, medical or otherwise, suggesting that plaintiff would be off-task for this specific percentage of time") (citing *Wouters v. Comm'r of Soc. Sec.*, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020) (remanding where the ALJ failed to point to any evidence in the record that suggested why plaintiff would be off-task for the five percent of the time included in the RFC finding)); *Austin v. Comm'r of Soc. Sec.*, 2020 WL 5629030, at *7 (W.D.N.Y. Sept. 21, 2020) (ALJ's finding that plaintiff would be "off task up to three percent of the workday due to symptom exacerbations" was not supported by substantial evidence where "nowhere [in the record] is there an opinion or testimony providing that [plaintiff] would be off-task up to three percent of the day … [and] this number came solely from the ALJ.").

Here, the ALJ found that Plaintiff would be off task ten percent of the workday, but provided no evidentiary basis or support for his specific finding. (Tr. 26). He simply states that "due to the claimant's complaints of chronic pain and mental symptomology, he would

be off task up to ten percent of the workday due to deficits in concentration and attention."
(Tr. 26).  The AJ provides no citation to the record or any further explanation to support
his finding that Plaintiff's time off task would be limited to ten percent.  Instead, he relied
on his own surmise.  This was error. *See Cosnyka*, 576 Fed. App'x at 46; *Anthony T.,*
2021 WL 3884229, at *4; *Michelle A.*, 2020 WL 7223235, at *3-4.

        First, the ALJ did not rely on any medical opinion evidence for this highly specific
finding.  In fact, none of the medical opinions in the record provided for such a specific
restriction.  None of the medical opinions indicated that Plaintiff would be off task only ten
percent of the time.  This suggests the ALJ made these findings using his own surmise.
*See Cosnyka*, 576 F. App'x at 46; *See Wolf v. Berryhill*, No. 18-CV-741-HKS, 2020 WL
994671, at *3 (W.D.N.Y. Mar. 2, 2020) ("Without a medical opinion, this analysis is
insufficient to conclude that Plaintiff was capable of performing a highly specific limited
range of sedentary work.").

        In addition to failing to support this highly specific RFC finding with medical opinion
evidence, the ALJ also failed to provide any other explanation or any citation to medical
evidence in the record to support the ten percent off-task limitation.  He recognized that
an off-task imitation was required, but offered no explanation as to why it should be limited
to ten percent.  An ALJ can support a highly specific RFC with a "function-by-function
assessment to explain [the] highly specific RFC findings." *Gorny v. Comm'r of Soc. Sec.,*
No. 18-CV-06-FPG, 2018 WL 5489573, at *3 (W.D.N.Y. Oct. 29, 2018).  Here, the ALJ
failed to provide such an assessment.  Stated otherwise, there is no explanation as to
why the time off task would be limited to only ten percent and not some higher percentage.
Without further explanation, the RFC is not supported by substantial evidence.  The ALJ

might have had a reasonable explanation for his finding, but he needed to include such an explanation in his decision so that this Court could conduct a meaningful review. Failure to provide evidence in support of a highly specific RFC statement requires remand. *See, e.g., Haygood v. Comm'r of Soc. Sec.*, No. 18-CV-1164-FPG, 2020 WL 219145, at *3 (W.D.N.Y. Jan. 15, 2020) (remanding where there was no other record evidence supporting ALJ's highly specific finding); *McGlothin v. Berryhill*, No. 1:17-CV-00776-MAT, 2019 WL 1499140, at *4 (W.D.N.Y. Apr. 4, 2019) (remanding where it was "unclear" how opinion evidence supported ALJ's highly specific RFC that Plaintiff could alternate "after twenty minutes to sitting for ten minutes"); *Reyes v. Berryhill*, No. 17-CV-1194, 2018 WL 5839276, at *5 (W.D.N.Y. Nov. 8, 2018) ("It is unclear to the Court how the ALJ, who is not a medical professional, was able to make this highly specific determination without reliance on a medical opinion.").

The ALJ's error was not harmless.  The VE testified that employers will tolerate employees being off task ten to 15 percent of the workday, but anything over 15 percent would preclude all competitive work.[3]  (Tr. 74-75).  So, if Plaintiff's time off task was actually greater than ten or 15 percent, the VE might have come to a different conclusion at step five of the sequential evaluation, which could have resulted in Plaintiff being found disabled. *See Michelle A. v. Saul*, No. 19-CV-00991-MJR, 2020 WL 7223235, at *5 (W.D.N.Y. Dec. 8, 2020) (citing *Edwards v.Comm'r of Soc. Sec.*, No. 18-CV-862-FPG, 2020 WL 4784583, at *1 (W.D.N.Y. Aug. 18, 2020)) ("[N]oting that the percent of off-task time was 'absolutely critical' to the disability determination where the VE testified that, if

---

[3] The VE stated that her conclusions regarding off-task time were based on her work experience and background.  (Tr. 74). The Court notes that in many other cases before it, VEs have testified that anything over ten percent off-task time is disqualifying.

the off-task time was ten percent or more, the limitation would be 'work preclusive' and accordingly "the Court cannot say that the ALJ's failure to tether the percent of off-task time to evidence in the record was harmless error.").[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is granted and defendant's motion for judgment on the pleadings (Dkt. No.9) is denied. The case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      January 4, 2024
            Buffalo, New York


                                                        MICHAEL J. ROEMER
                                                        United States Magistrate Judge

---

[4] Plaintiff also argues that the ALJ erred because: (1) he did not evaluate the opinion of Plaintiff's therapist; (2) he impermissibly "cherry picked" the opinion of the consultative psychologist; and (3) he failed to reconcile medical opinion evidence that would have precluded the finding that Plaintiff could perform sedentary work.  The defendant should also consider these arguments on remand.

- 12 -